UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| GEORGE OLIVAREZ, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-00396 |
| § | |
| LORIE DAVIS, *et al*, § | |
| § | |
| Respondents. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner George Olivarez is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") and is currently incarcerated at the Wayne Scott Unit in Angleton, Texas. Proceeding *pro se*, Olivarez filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on December 18, 2019.[1] (D.E. 1). Olivarez raises a single claim that he is being illegally restrained because his combined flat-time and work-time credit exceeds his 25-year total sentence. Respondent filed a motion for summary judgment contending that the § 2254 petition was untimely, to which Olivarez has not responded. (D.E. 10). As discussed more fully below, it is respectfully recommended that Respondent's motion for summary judgment be granted and Olivarez's habeas corpus petition be dismissed as untimely. It is further recommended that a Certificate of Appealability ("COA") be denied.

---

[1] Olivarez stated under penalty of perjury that he placed his petition in the prison mail system on December 18, 2019, and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998), and Rule 3, Rules Governing Section 2254 Cases.

I. **JURISDICTION**

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is appropriate because Olivarez was convicted in Nueces County, Texas. 28 U.S.C. § 2254(a); 28 U.S.C. § 124(b)(6); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

II. **BACKGROUND**

a. **Petition and Claims**

In the § 2254 petition, Olivarez asserts that, as of July 21, 2018, he had earned 18 years and 6 months of flat-time credit, along with an additional 9 years and 2 months of work-time credit, which exceeded his 25-year total sentence. (D.E. 1 at 6). He argues that work-time is supposed to be treated as equivalent to flat-time and credited towards his sentence, but the TDCJ has failed to do so. (*Id.*). Olivarez indicates that he is raising this claim for the first time in this petition, asserting that there is a motion related to DNA testing pending in state court. (*Id.* at 8). He cites an attachment, but there were no attachments included with his petition. (*Id.*).

b. **State Court Records**

In January 2000, Olivarez was charged in an indictment with one count of indecency with a child, in violation of Tex. Penal Code § 21.11. (D.E. 9-12 at 53-55). On April 26, 2000, after Olivarez pleaded guilty to the charge, the state court sentenced him to 25 years' imprisonment. (*Id.* at 91).

In the years following his conviction, Olivarez filed several applications for a writ of habeas corpus under Tex. Code of Crim. P. art. 11.07 raising claims different to the claim he raises now. (D.E. 9-7 at 11-12; D.E. 9-12 at 11-13; D.E. 9-14 at 11-13; D.E. 9-

2

16 at 10-11; D.E. 9-18 at 10; D.E. 9-21 at 10).  These applications were variously denied, dismissed as noncompliant with procedural rules, or dismissed as a subsequent application.  (D.E. 9-7 at 2; D.E. 9-12 at 2; D.E. 9-13 at 1l; D.E. 9-15 at 1; D.E. 9-17 at 1; D.E. 9-19 at 1).

In November 2018, Olivarez filed a Rule 11.07 application raising the same claim as he raises in his current petition.  (D.E. 9-23 at 9).  The state trial court recommended dismissing the application because Olivarez had not shown that he had obtained a written decision from the TDCJ's office of time-credit resolution, that he was within 180 days of release according to TDCJ records, or that more than 180 days had passed without response since he first sought time-credit resolution from the TDCJ.  (*Id.* at 51).  On February 6, 2019, a judge of the Texas Court of Criminal Appeals dismissed the application on this ground.  (D.E. 9-22 at 1).

### III.  DISCUSSION

In the motion for summary judgment, Respondent argues that Olivarez's petition is untimely because, based on Olivarez's alleged factual predicate date, the one-year statutory limitations period under 28 U.S.C. § 2244(d) expired on July 22, 2019.  (D.E. 10 at 6-7).  Respondent asserts that none of the other provisions of § 2244(d) apply to Olivarez's claim.  (*Id.* at 6).  Respondent argues that Olivarez is not entitled to any statutory tolling because he did not properly file a state habeas application challenging the calculation of his sentence or a time dispute resolution form request with prison officials.  (*Id.* at 7).  Moreover, Respondent argues that Olivarez is not entitled to equitable tolling because he has not been diligent in pursuing his claim and has not been

3

misled about the requirements. (*Id.* at 9-11). Finally, Respondent contends that, even if timely, Olivarez's claim is unexhausted. (*Id.* at 11-13). Respondent attached an affidavit from an employee in the TDCJ records department indicating that Olivarez has not filed any time dispute resolution forms with TDCJ officials. (D.E. 10-1 at 4).

Olivarez has not filed a response.

A one-year limitations period applies to an application for a writ of habeas corpus filed by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of either: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States was removed; (3) the date on which the constitutional right asserted was first recognized by the Supreme Court; or (4) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. *Id.* § 2244(d)(1). The time during which a properly filed state collateral review application is pending is not counted toward the limitations period. *Id.* § 2244(d)(2). TDCJ inmates are also entitled to statutory tolling for the pendency of time dispute resolution form properly filed with the TDCJ. *Stone v. Thaler*, 614 F.3d 136, 138-39 (5th Cir. 2010).

The timeliness provision in § 2244(d) is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 634 (2010). A petitioner is entitled to equitable tolling only if he can show that: (1) he has been diligently pursuing his rights; and (2) some extraordinary circumstance stood in his way. *Id.* at 649. Such a circumstance exists

4

where, for example, the plaintiff was misled by the defendant about the cause of action or was otherwise prevented in some extraordinary way from asserting his rights. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002). A standard claim of excusable neglect is insufficient. *Id.* Ignorance of the law generally does not excuse prompt filing, even for a *pro se* prisoner. *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). The failure to satisfy the statute of limitations must result from "external factors" beyond the petitioner's control, and delays caused by the petitioner do not qualify. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

Here, Olivarez's § 2254 petition is untimely. Olivarez has not alleged that any of the first three potential starting points in § 2244(d) apply here, so the relevant date for calculating the limitations period is the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). The latest date that could apply under this analysis is the July 21, 2018, date that Olivarez calculates his time credits from, as it is apparent that he was aware of the factual predicate underlying his claim by this date.[2] (D.E. 1 at 6). However, even using this date, the deadline to file a § 2254 petition was July 22, 2019, and Olivarez did not file his petition until almost five months later on December 18, 2019. (*See id.* at 10). Thus, the petition was not filed within the one-year limitations period and is untimely.

---

[2] This is a generous date given that, by Olivarez's own calculation, his flat-time and work-time credit on July 21, 2018, added up to 27 years and 10 months, or almost three years after he claims he should have been released.

Further, Olivarez has not shown that he is entitled to either statutory or equitable tolling. First, as to statutory tolling, although the time during which a properly filed state collateral review application is pending is not counted toward the limitations period, Olivarez did not properly file an Article 11.07 application raising this claim. *See* 28 U.S.C. § 2244(d)(2). His application raising this claim was dismissed on the procedural ground that he had not completed the necessary steps to resolve a time credit dispute with the TDCJ. (D.E. 9-22 at 1). Moreover, even if Olivarez was entitled to tolling, the Article 11.07 application was only pending for just over two months, and Olivarez's § 2254 petition is almost five months late. (*See* D.E. 9-23 at 20; D.E. 9-22 at 1). Similarly, Olivarez could be entitled to statutory tolling for the pendency of a properly filed time-dispute resolution form with TDCJ officials, but he has not filed any time dispute resolution forms. (D.E. 10-1 at 4).

Second, as to equitable tolling, Olivarez has not shown that he has diligently pursued his rights where he waited ten months after the dismissal of his Article 11.07 application to file his § 2254 petition. *See Holland*, 560 U.S. at 649. Similarly, Olivarez has not asserted or shown that he was misled or otherwise prevented from timely filing his petition. *See id.*; *Lookingbill*, 293 F.3d at 264. To the extent that the purported DNA motion pending in state court could meet this standard, Olivarez did not attach any evidence of this motion, nor explain how it relates to his time-credit claim. Finally, even for a *pro se* petitioner like Olivarez, ignorance of the law does not excuse prompt filing. *Felder*, 204 F.3d at 172. Thus, Olivarez's § 2254 petition is untimely and he has not established that he is entitled to either statutory or equitable tolling.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Olivarez has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where a district court rejects the claims on procedural grounds, a petitioner must show that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right; and (2) the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find it debatable that Olivarez's claim is time-barred. Therefore, it is further recommended that any request for a COA be denied because he has not made the necessary showing for such issuance.

## V. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 10) be GRANTED. Olivarez's § 2254 petition should be

DISMISSED as untimely. In addition, it is further recommended that any request for a Certificate of Appealability be DENIED.

Respectfully submitted this 22nd day of April, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).