United States District Court
Southern District of Texas
**ENTERED**
September 28, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| GEORGE OLIVAREZ, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-396 |
| § | |
| LORIE DAVIS, *et al.*, § | |
| § | |
| Respondents. § | |

# **ORDER**

Before the Court is Magistrate Judge Julie Hampton's Memorandum and Recommendation (M&R). (D.E. 12). The M&R recommends that the Court grant Respondent's Motion for Summary Judgment (D.E. 10) and dismiss Petitioner's habeas corpus petition (D.E. 1) as untimely because Petitioner failed to exhaust his administrative remedies. (D.E. 12, p. 1). The M&R also recommends that the Court deny Petitioner a certificate of appealability. *Id.*; *see* 28 U.S.C. § 2253(c). Petitioner timely filed objections to the M&R. (D.E. 14).

In his objections to the M&R, Petitioner alleges that he filed a Time-Dispute Resolution form with the appropriate agency. (D.E. 14). Petitioner attached to his objections what he alleges to be a copy of his Time-Dispute Resolution form, dated October 18, 2018. (D.E. 14-2; D.E. 14-3). He also attaches an alleged verification that the legal logbook of his facility documented this form being sent out on October 19, 2018. (D.E. 14-4). Petitioner alleges that this form came from the mailroom records of his current facility and contends that in light of this new documentation, he was entitled to tolling for

the pendency of the Time-Dispute Resolution. (D.E. 14).[1] Petitioner contends that because he was entitled to tolling, his 28 U.S.C. § 2254 habeas corpus petition was timely filed. (D.E. 14, p. 1).

In light of Petitioner's alleged new evidence, the Court ordered Respondent to respond to Petitioner's objections (D.E. 16), to which Respondent complied (D.E. 17; D.E. 20). Petitioner thereafter filed a second set of objections to the M&R, which this Court liberally construes as a reply to Respondent's reply. (D.E. 21).

In its reply, Respondent contends that Petitioner's mailroom documentation should be disregarded as untimely because Petitioner should have filed this alleged evidence in his response to Respondent's Motion for Summary Judgment. (D.E. 17, p. 2–3). Respondent also contends that the alleged mailroom log is impermissible hearsay in violation of Rules 802 and 803 of the Federal Rules of Evidence, as Petitioner did not attach an attesting affidavit to the alleged record. *Id.* at 3–4. Finally, Respondent attaches an August 5, 2020 Affidavit of Charley Valdez, a Program Supervisor III for the Classification and Records Department (CRD) of the Texas Department of Criminal Justice/Correctional Institutions Division (TDCJ-CID), in which Supervisor Valdez attests that his office did not receive "any Time Dispute Resolution Forms from Offender Olivarez dated between 10/18/2018 and 11/05/2018" as Petitioner alleges. (D.E. 20, p. 4). According to Supervisor Valdez's Affidavit, the Department *did* receive a Time Dispute Resolution Form from Petitioner, but this form was received on March 12, 2020, more than six months after

---

[1] Absent tolling, the statute of limitations period for Petitioner to file his petition under 28 U.S.C. § 2254 ran from July 21, 2018 through July 22, 2019. (D.E. 12, p. 5); *see* § 2244(d).

Petitioner's § 2254 one-year statutory limitations period expired on July 22, 2019. *Id.*; (D.E. 12, p. 5). Respondent contends that because Petitioner did not file a Time Dispute Resolution form during his limitations period, he cannot receive equitable tolling and as such, Petitioner's § 2254 petition should be considered untimely filed. (D.E. 17, p. 5).

It is within this Court's discretion to determine whether to accept or reject new evidence presented in an objection to a magistrate judge's report and recommendation. *Morris v. Copart*, No. 4:15-CV-724, 2016 WL 6608874, at *3 (E.D. Tex. Nov. 9, 2016) ("When a party presents new evidence for the first time in objections to a magistrate judge's report and recommendation, it is within the district court's sole discretion whether to consider such newly presented evidence."); *see also Cheatam v. Blanda*, 2010 WL 2209207, at *1 (E.D. Tex. May 27, 2010). In his response to Respondent's reply, Petitioner fails to address any of Respondent's objections to the alleged mailroom record or provide any additional verification of its authenticity. *See* (D.E. 21). On the contrary, Petitioner attached to his response a letter from the Huntsville, Texas CRD, TDCJ-CID office, confirming that the office did not receive any Time Dispute Resolution form until March 12, 2020, despite Petitioner's claim that the alleged mailroom record shows his form was sent on October 18, 2018. (D.E. 21-1, p. 27).

After reviewing the Magistrate Judge's M&R, Petitioner's objections, Respondent's Reply, and all other relevant documents in the record, and having conducted a de novo review of the portions of the M&R to which the objections were directed, 28 U.S.C. § 636(b)(1), the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. As such, the Court **OVERRULES** Petitioner's objections and **ADOPTS**

the findings and conclusions of the Magistrate Judge. (D.E. 12). Accordingly:

(1) Respondent's motion for summary judgment is **GRANTED**. (D.E. 10).

(2) Petitioner's § 2254 petition is **DISMISSED with prejudice** as untimely. (D.E. 1).

(3) A certificate of appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c).

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
September 28, 2020