United States District Court
Southern District of Texas
**ENTERED**
January 13, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GEORGE OLIVAREZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-396 |
| | § | |
| LORIE DAVIS, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## AMENDED ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Pursuant to the Court's order granting Respondent's Rule 59(e) motion to alter or amend this Court's final judgment based on newly discovered evidence (D.E. 27), the Court enters this amended order adopting the Magistrate Judge's Memorandum and Recommendation ("M&R"). An amended final judgment will follow this order.

On September 28, 2020, the Court adopted the Magistrate Judge's M&R and denied Petitioner George Olivarez's federal petition for habeas corpus relief regarding his time credit calculation. (D.E. 22). Specifically, the Court concluded that Petitioner was time-barred based on his factual predicate date, found that Petitioner did not receive any tolling, and rejected his argument that he filed a time-dispute with the TDCJ on or about October 18, 2018. *Id.* The Court entered final judgment thereafter. (D.E. 23).

Respondent filed a motion to alter or amend this Court's judgment pursuant to Federal Rule of Civil Procedure 59(e) on the basis that newly discovered evidence warrants a need to correct factual errors underlying the Court's judgment. (D.E. 24).[1] As it turns out,

---

[1] To date, Petitioner has not filed a response to Respondent's Rule 59(e) motion.

1 / 3

it appears that Petitioner did indeed mail some form of a time-dispute resolution form ("TDR") with TDCJ on or about October 18, 2018. *See* (D.E. 24, p. 3; D.E. 24-1, p. 7; D.E. 24-2, p. 4). Therefore, granting Respondent's Rule 59(e) motion to amend this Court's final judgment to correct the error in fact was warranted.

Nevertheless, even after taking into consideration the tolling afforded by the TDR, Petitioner's federal petition for writ of habeas corpus must still be dismissed with prejudice as untimely. (D.E. 1). A one-year limitations period applies to an application for a writ of habeas corpus filed by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). In this case, the relevant date for calculating the limitations period for Petitioner's § 2254 petition is the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. *See id.* § 2244(d)(1)(D). The latest date that could apply under this analysis is the July 21, 2018 date that Petitioner calculates his time credits from, as it is apparent that he was aware of the factual predicate underlying his claim by this date. *See* (D.E. 1, p. 6). And because Petitioner did mail a TDR with TDCJ on or about October 18, 2018, which was received on October 24, 2018, and was resolved on November 26, 2018, a tolling of thirty-nine (39) days is afforded to Petitioner's one-year timeframe to file a federal habeas corpus petition—the amount of time the TDR was pending. *Stone v. Thaler*, 614 F.3d 136, 138-39 (5th Cir. 2010). The Court agrees with the M&R that Petitioner has not demonstrated that he is entitled to any other form of statutory or equitable tolling for bringing a 28 U.S.C. § 2254 habeas corpus petition. *See* (D.E. 12, p. 3–6).

Accordingly, the due date for his federal petition was August 29, 2019. *See* (D.E. 24, p. 3–4; D.E. 24-1, p. 7; D.E. 24-2, p. 4). Petitioner filed his federal petition on December 23, 2019, over three months too late to bring his claims. Therefore, Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, is untimely and must be dismissed. (D.E. 1).

### Conclusion

(1) The Court's previous order (D.E. 22) adopting the M&R, overruling Petitioner's objections, and granting Respondent's motion for summary judgment, is **AMENDED** to reflect the changes herein. The M&R (D.E. 12) is **ADOPTED** as modified by this order.

(2) Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, is **DISMISSED with prejudice** as untimely. (D.E. 1).

(3) A certificate of appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c).

An amended final judgment will follow this order.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
January 12th, 2021