United States District Court
Southern District of Texas
**ENTERED**
August 17, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GEORGE OLIVAREZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-00396 |
| | § | |
| LORIE DAVIS, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner George Olivarez is a Texas inmate appearing *pro se*. On January 12, 2021, the District Court filed an amended order adopting the undersigned's Memorandum and Recommendation ("M&R") and dismissed Olivarez's 28 U.S.C. § 2254 petition as untimely. (D.E. 28, 29). Now pending is Olivarez's "Memorandum in Support of Motion for Relief from the Judgment" (D.E. 39). This filing is construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). For the reasons discussed further below, it is recommended that Olivarez's motion be denied.

### I. BACKGROUND

In December 2019, Olivarez filed his *pro se* § 2254 petition, contending that he was being illegally restrained because his combined flat-time and work-time credit exceeded his 25-year total sentence. (D.E. 1 at 6). Respondent filed a motion for summary judgment contending that the petition was untimely. (D.E. 10).

In April 2020, the undersigned issued an M&R recommending that Olivarez's petition be dismissed as untimely. (D.E. 12). Part of this conclusion was based on the fact that he was not entitled to statutory tolling because his state habeas application was not properly filed because it was dismissed on the procedural ground that he had not completed the necessary steps to resolve a time credit dispute with the Texas Department of Criminal Justice ("TDCJ"). (*Id.* at 6). The District Court adopted the M&R and dismissed Olivarez's petition. (D.E. 22).

After the entry of judgment, Respondent filed a motion to alter or amend the judgment because the TDCJ discovered that Olivarez had, in fact, filed a proper time-dispute resolution form based on a mail log entry that was not found until shortly before the entry of judgment. (D.E. 24 at 3-4). However, Respondent argued that Olivarez's petition was still untimely, even accounting for the applicable statutory tolling. (*Id.* at 4-6).

The District Court granted Respondent's motion to alter or amend and entered an amended order adopting the M&R and an amended judgment. (D.E. 27, 28, 29). The Court concluded that Olivarez was entitled to 39 days of statutory tolling for the time his time-dispute resolution was pending with the TDCJ, but that his petition was still over three months late. (D.E. 28 at 2-3).

## II. DISCUSSION

### a. Rule 59(e) and Rule 60(b)

A motion that challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or a motion for

relief from judgment under Federal Rule of Civil Procedure Rule 60(b). *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). A Rule 59(e) motion must be filed within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). In contrast, a Rule 60(b) motion must be filed "within a reasonable time" after the entry of judgment. Fed. R. Civ. P. 60(c)(1). Because Olivarez's motion was filed more than 28 days after the District Court's January 12, 2021, amended final judgment, it is construed as a Rule 60(b) motion.

Under Rule 60(b), a party may seek relief from a final judgment where, among other reasons, there was: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to file a motion under Rule 59; or (3) fraud, misrepresentation, or misconduct by the opposing party. Fed. R. Civ. P. 60(b). Rule 60(b)(6) allows for relief for "any other reason that justifies relief" and is "a catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). The movant must show extraordinary circumstances for relief to be granted under Rule 60(b)(6). *Id.*

    b.    **Olivarez's Rule 60(b) Motion**

In his motion, Olivarez argues that he is entitled to relief from judgment under Rule 60(b)(1) because the Respondent's new evidence was a surprise and should have been provided earlier. (D.E. 39 at 1-4). He argues that the delay in providing the new evidence prevented him from fully and fairly presenting his claims, and that the new evidence would have changed the result had it been provided earlier. (*Id.* at 2-4). Finally, Olivarez argues that he is entitled to relief under Rule 60(b)(6) because Respondent's failure to submit the

evidence earlier is an extraordinary circumstance that rendered the judgment manifestly unjust. (*Id.* at 4).

Here, Olivarez has not established that any of the enumerated provisions of Rule 60 apply, nor has he identified an extraordinary circumstance warranting relief from judgment under Rule 60(b)(6). Here, any mistake or surprise caused by Respondent's late discovery of the mail logs did not lead to the District Court's adoption of the M&R and entry of judgment. First, Respondent filed a motion to alter or amend the judgment and provided the District Court with the newly discovered evidence, which Olivarez was entitled to respond to and raise argument about before the Court made a ruling. (*See* D.E. 24). Second, as the District Court concluded in its amended order adopting the M&R, Olivarez's § 2254 petition was untimely even accounting for the 39 days of statutory tolling that he was entitled to. (D.E. 28 at 2-3). Thus, contrary to Olivarez's argument in the current motion, the mail logs would not have changed the result. For the same reasons, Olivarez has not shown any extraordinary circumstance that warrants relief.

### III. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Olivarez's construed motion for relief from judgment under Rule 60(b) (D.E. 39) be DENIED.

Respectfully submitted on August 17, 2021.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).